UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

In Re:

AHERN RENTALS, INC.,

    Debtor.

———————————————————

AHERN RENTALS, INC.,

    Appellant,

v.

GOLDMAN SACHS PALMETTO STATE CREDIT FUND, L.P., et al.,

    Appellees.

———————————————————

3:12-CV-0676-LRH-VPC

ORDER

Before the court is appellees Del Mar Master Fund Ltd.; Feingold O'Keeffe Capital, LLC; Nomura Corporate Research & Asset Management Inc.; Wazee Street Capital Management, LLC; and Och-Ziff Capital Management Group's (collectively "Second Lien Noteholders") motion to vacate the stay and dismiss the underlying bankruptcy appeal for lack of jurisdiction. Doc. #30.[1] Appellant-debtor Ahern Rentals, Inc. ("Ahern") filed an opposition to the motion. Doc. #57.

---

[1] Refers to the court's docketing number.

## I.   Facts and Background

This is a bankruptcy appeal initiated by debtor Ahern who is in the business of equipment rentals. On December 22, 2011, Ahern filed a voluntary Chapter 11 bankruptcy action. Ahern's appeal relates to the bankruptcy court's denial of Ahern's Second Motion for Order Extending the Exclusivity Period.[2] See Doc. #1.

On March 23, 2012, prior to the expiration of Ahern's exclusivity period, Ahern filed an initial motion seeking an extension of the exclusivity period.[3] The bankruptcy court granted the motion and extended Ahern's exclusivity period until August 20, 2012.

Prior to the expiration of the extended exclusivity period, Ahern filed its Second Motion for Order Extending the Exclusivity Period seeking to extend the exclusive plan filing date to November 30, 2012, and the exclusive period to solicit votes until February 1, 2013. The second motion was contested by several creditors, and following an initial hearing on August 6, 2012, the bankruptcy court extended the exclusive plan filing period for a second time until further order of the court after another hearing.

On October 31, 2012, the bankruptcy court held another hearing on the extension of the exclusivity period. At the hearing, the bankruptcy court granted the motion as it related to extending the exclusive time to file a reorganization plan until November 30, 2012, but placed certain conditions on Ahern including (1) delivering financial projections to certain creditors, (2) delivering a draft plan of the reorganization to major creditors, and (3) filing the plan and

---

[2] When a debtor files a Chapter 11 bankruptcy, the debtor is granted a 120-day exclusive period to file a plan of reorganization and then solicit votes for the plan from creditors. See 11 U.S.C. § 1121(b). If the debtor files a plan during that 120-day period, then the exclusive period during which no other party may file a plan is extended to 180 days after the bankruptcy petition date in order to permit the debtor to solicit acceptances for its plan. See 11 U.S.C. § 1121(c). These statutorily established time periods are commonly referred to as the debtor's "exclusivity period."

[3] A debtor may seek an extension of either the plan filing or plan solicitation exclusivity periods, or both. Extensions of the exclusivity period are entirely within the bankruptcy court's discretion based on the record before it and the debtor must establish good cause for any extension. See 11 U.S.C. § 1121(d).

disclosure statement by November 30, 2012. However, the bankruptcy court continued Ahern's request to extend the exclusive time to solicit creditor votes until the November 30, 2012 deadline.

On November 30, 2012, the bankruptcy court held another hearing to discuss Ahern's reorganization plan. At that time, Ahern had not filed a copy of the reorganization plan as required. Further, at the hearing, the reorganization plan, which had been presented to the creditors, was opposed by several major creditors. As a result of the creditors' concerns that the plan violated certain bankruptcy rules, including the absolute priority rule, the bankruptcy court requested further briefing from the parties and set another hearing for December 7, 2012.

On December 7, 2012, the bankruptcy court held a hearing to consider whether to extend Ahern's exclusive period for vote solicitation until February 1, 2013, as requested in Ahern's Second Motion for Order Extending the Exclusivity Period. At the end of an extensive hearing, and based on Ahern's behavior throughout the bankruptcy proceedings, the bankruptcy court denied the request to extend the vote exclusivity period for a second time. *See* Doc. #30, Exhibit B.

On December 20, 2012, two weeks after the bankruptcy court denied the motion to extend the exclusivity period to solicit creditor votes, Ahern filed the underlying appeal. Doc. #1. Along with the notice of appeal, Ahern filed an emergency motion to stay the bankruptcy court's order terminating exclusivity. Doc. #2. This court granted that order (Doc. #5) and, after a motion to modify the stay order (Doc. #18), modified the initial stay order (Doc. #21).

In response to both Ahern's appeal, and this court's orders, the Second Lien Noteholders filed the present motion to vacate the stay and dismiss the appeal for lack of subject matter jurisdiction. Doc. #30.

**II. Discussion**

A district court's jurisdiction to hear a bankruptcy appeal is governed by 28 U.S.C. § 158. Under 28 U.S.C. § 158, a district court has "jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of

3

1 title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with
2 leave of the court, from other interlocutory orders and decrees . . ." 28 U.S.C. § 158(a)(1-3).
3       In their motion to dismiss for lack of jurisdiction, the Second Lien Noteholders argue that
4 the bankruptcy court's denial of Ahern's Second Motion for Order Extending the Exclusivity
5 Period is an interlocutory order under Section 158(a)(3), and as such, required leave of court prior
6 to filing an appeal. *See* Doc. #30.
7       In opposition, Ahern argues that the bankruptcy court's order terminated, and thereby
8 "reduced," its exclusivity period and therefore constitutes an exclusivity adjustment under
9 Section 158(a)(2) which may be appealed as of right. *See* 28 U.S.C. § 158(a)(2); *In re Henry Mayo*
10 *Newhall Mem'l Hosp.*, 282 B.R. 444, 448 (B.A.P. 9th Cir. 2002). The court disagrees. In contrast to
11 Ahern's argument, the bankruptcy court's denial of the motion is not an order "reducing" the
12 exclusivity time periods under Section 158(a)(2) because the order did not reduce the statutorily
13 identified 120-day or 180-day time periods. Instead, the bankruptcy court's order simply operated
14 as a refusal to extend the exclusivity periods. In the Ninth Circuit, refusals to adjust the exclusivity
15 periods constitute interlocutory orders under Section 158(a)(3), which require leave of court prior
16 to filing the appeal. *In re Henry Mayo*, 282 B.R. at 448 ("All other interlocutory orders (*including*
17 *refusals to adjust exclusivity*) require leave of court to have interlocutory appellate review. 28
18 U.S.C. § 158(a)(3).") (emphasis added). Therefore, the court finds that the bankruptcy court's order
19 denying Ahern's Second Motion for Order Extending the Exclusivity Period is an interlocutory
20 order under Section 158(a)(3) and is unappealable absent leave of court.
21       Here, it is undisputed that Ahern has not sought leave to file the underlying appeal, and the
22 Second Lien Noteholders argue that the court should dismiss Ahern's appeal on this basis.
23 However, as a matter of law, the court cannot simply dismiss this action for failure to seek leave.
24 *See* FED. R. BANKR. P. 8003. When an appeal is improper because a party failed to file the requisite
25 motion for leave to appeal, a district court is limited to three options: (1) grant leave to appeal; (2)
26

direct that a motion for leave to appeal be filed; or (3) deny leave to appeal, but in doing so the district court must consider the notice of appeal as a motion for leave to appeal. *Id*. 8003(c). As the underlying leave issues have been briefed by the parties, the court shall consider the notice of appeal as a motion for leave to appeal and address it accordingly.

Generally, district courts apply the standards set forth in 28 U.S.C. § 1292(b), which govern interlocutory civil appeals, to determine if leave to appeal an interlocutory bankruptcy order should be granted. *See In re Bertain*, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997). Section 1292(b) provides that leave is appropriate only where the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The court has reviewed the documents and pleadings on file in this matter, including the notice of appeal, and finds that leave to file an appeal of the bankruptcy court's order is not warranted because the bankruptcy court's order does not dispute an issue of controlling law. Rather, the issues raised in Ahern's notice of appeal involve well established legal precedents. For example, it is undisputed that the plain language of Section 1121(d) requires the debtor seeking an extension of the exclusivity periods to establish "cause" for such an extension. 11 U.S.C. § 1121(d). Further, it is well established that the determination of "cause" is committed to the sound discretion of the bankruptcy court based upon the facts and circumstances of each particular case. *See e.g., In re Henry Mayo*, 282 B.R. at 452 ("[T]he question of § 1121(d) "cause" is subject to de novo review as a mixed question of law and fact in which the historical facts are established, *the rule of law is undisputed*, and the issue is whether the facts satisfy the rule.") (emphasis added). The court finds that Ahern has not established that the bankruptcy court's order involves a "controlling question of law as to which there is substantial ground for difference of opinion." *See* 28 U.S.C. § 1292(b). As such, the court finds that leave to appeal the bankruptcy court's interlocutory order is not warranted and the court shall deny Ahern's notice of appeal, which the

court is construing as a motion for leave, accordingly.

    Because the court finds that Ahern is not entitled to appeal the bankruptcy court's interlocutory order, the court shall grant the Second Lien Noteholder's motion, vacate the stay issued in this matter, and dismiss this appeal.

    IT IS THEREFORE ORDERED that appellees' motion to vacate the stay and dismiss the appeal for lack of jurisdiction (Doc. #30) is GRANTED. The court's orders staying the bankruptcy court's order (Doc. ##5, 21) are VACATED.

    IT IS FURTHER ORDERED that this action, 3:12-cv-0676-LRH-VPC is DISMISSED.

    IT IS FURTHER ORDERED that appellant-debtor's motion to exceed the page limits (Doc. #56) is GRANTED nunc pro tunc.

    IT IS SO ORDERED.

    DATED this 14th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE