UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

In Re:                                    )
                                          )
AHERN RENTALS, INC.,                      )         3:12-CV-0676-LRH-VPC
                                          )
        Debtor.                           )
                                          )         ORDER
_____   )
                                          )
AHERN RENTALS, INC.,                      )
                                          )
        Appellant,                        )
                                          )
v.                                        )
                                          )
GOLDMAN SACHS PALMETTO STATE              )
CREDIT FUND, L.P., et al.,                )
                                          )
        Appellees.                        )
_____   )

Before the court is appellant-debtor Ahern Rentals, Inc.'s ("Ahern") motion for stay pending appeal. Doc. #65.[1]

I.      **Facts and Background**

This is a bankruptcy appeal initiated by debtor Ahern, a company in the business of equipment rentals. On December 22, 2011, Ahern filed a voluntary Chapter 11 bankruptcy action.

---

[1] Refers to the court's docketing number.

1  Ahern's appeal relates to the bankruptcy court's denial of Ahern's Second Motion for Order
2  Extending the Exclusivity Period.[2] *See* Doc. #1.

3        On March 23, 2012, prior to the expiration of Ahern's exclusivity period, Ahern filed an
4  initial motion seeking an extension of the exclusivity period.[3] The bankruptcy court granted the
5  motion and extended Ahern's exclusivity period until August 20, 2012.

6        Prior to the expiration of the extended exclusivity period, Ahern filed its Second Motion for
7  Order Extending the Exclusivity Period seeking to extend the exclusive plan filing date to
8  November 30, 2012, and the exclusive period to solicit votes until February 1, 2013. The second
9  motion was contested by several creditors, and following an initial hearing on August 6, 2012, the
10 bankruptcy court extended the exclusive plan filing period for a second time until further order of
11 the court after another hearing.

12       On October 31, 2012, the bankruptcy court held another hearing on the extension of the
13 exclusivity period. At the hearing, the bankruptcy court granted the motion as it related to
14 extending the exclusive time to file a reorganization plan until November 30, 2012, but placed
15 certain conditions on Ahern including (1) delivering financial projections to certain creditors,
16 (2) delivering a draft plan of the reorganization to major creditors, and (3) filing the plan and
17 disclosure statement by November 30, 2012. However, the bankruptcy court continued Ahern's
18 request to extend the exclusive time to solicit creditor votes until the November 30, 2012 deadline.
19 //

20 ─────────────────

21    [2] When a debtor files a Chapter 11 bankruptcy, the debtor is granted a 120-day exclusive period to file
   a plan of reorganization and then solicit votes for the plan from creditors. *See* 11 U.S.C. § 1121(b). If the debtor
22 files a plan during that 120-day period, then the exclusive period during which no other party may file a plan
   is extended to 180 days after the bankruptcy petition date in order to permit the debtor to solicit acceptances
23 for its plan. *See* 11 U.S.C. § 1121(c). These statutorily established time periods are commonly referred to as
   the debtor's "exclusivity period."

24
      [3] A debtor may seek an extension of either the plan filing or plan solicitation exclusivity periods, or
25 both. Extensions of the exclusivity period are entirely within the bankruptcy court's discretion based on the
   record before it and the debtor must establish good cause for any extension. *See* 11 U.S.C. § 1121(d).
26

On November 30, 2012, the bankruptcy court held another hearing to discuss Ahern's reorganization plan. At that time, Ahern had not filed a copy of the reorganization plan as required. Further, at the hearing, the reorganization plan, which had been presented to the creditors, was opposed by several major creditors. As a result of the creditors' concerns that the plan violated certain bankruptcy rules, including the absolute priority rule, the bankruptcy court requested further briefing from the parties and set another hearing for December 7, 2012.

On December 7, 2012, the bankruptcy court held a hearing to consider whether to extend Ahern's exclusivity period for vote solicitation until February 1, 2013, as requested in Ahern's Second Motion for Order Extending the Exclusivity Period. At the end of an extensive hearing, and based on Ahern's behavior throughout the bankruptcy proceedings, the bankruptcy court denied the request to extend the vote exclusivity period for a second time. *See* Doc. #30, Exhibit B.

On December 20, 2012, two weeks after the bankruptcy court denied the motion to extend the exclusivity period to solicit creditor votes, Ahern filed the underlying appeal. Doc. #1. Along with the notice of appeal, Ahern filed an emergency motion to stay the bankruptcy court's order terminating exclusivity. Doc. #2. This court granted that order (Doc. #5) and, after a motion to modify the stay order (Doc. #18), modified the initial stay order (Doc. #21).

In response to both Ahern's appeal, and this court's orders, a group of creditors known as the Second Lien Noteholders[4] filed a motion to vacate the stay and dismiss the appeal for lack of subject matter jurisdiction. Doc. #30. On January 14, 2013, following a hearing before the court on January 11, 2013, the court granted the Second Lien Noteholders' motion, dismissed the underlying bankruptcy appeal, and vacated the court's stay orders. Doc. #60. In response, Ahern appealed the court's order of dismissal. Doc. #61. Thereafter, Ahern filed the present motion to stay pending appeal. Doc. #65.

---

[4] The Second Lien Noteholders include Del Mar Master Fund Ltd.; Feingold O'Keeffe Capital, LLC; Nomura Corporate Research & Asset Management Inc.; Wazee Street Capital Management, LLC; and Och-Ziff Capital Management Group.

1   **II.     Legal Standard**

2           A stay pending appeal is an "extraordinary remedy" that may be awarded only upon a clear

3   showing that an appellant is entitled to such relief. *See In re Smith*, 397 B.R. 134, 136 (Bankr. D.

4   Nev. 2008). The standard for granting a stay pending appeal is similar to the standard for granting a

5   preliminary injunction. *See Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 865 (9th Cir.

6   2007) ("The standard for determining whether to grant a stay pending appeal is similar to that

7   applied by a district court when considering the issuance of a preliminary injunction.").

8           A court may only grant a stay pending appeal upon a showing that: (1) the petitioner is

9   likely to succeed on the merits of his appeal; (2) irreparable harm will result in the absence of a

10  stay; (3) the balance of equities favors a stay; and (4) a stay is in the public's interest. *Winters v.*

11  *Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citations omitted); *Alliance for Wild*

12  *Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).

13  **III.    Discussion**

14          In its motion, Ahern contends that a stay pending appeal is appropriate because it is likely to

15  succeed on the merits of its appeal for three reasons: (1) the court's order dismissing the bankruptcy

16  appeal for lack of jurisdiction was in error; (2) the issue of whether the exclusive period for plan

17  solicitation is automatically extended upon an extension of the exclusive period for plan filing is a

18  matter of first impression in the Ninth Circuit; and (3) the Ninth Circuit's review of the court's

19  dismissal order is *de novo*. *See* Doc. #65. As addressed below, the court disagrees and finds that a

20  stay pending appeal is not warranted because Ahern is not likely to succeed on the merits of its

21  appeal.[5]

22          Initially, Ahern argues that this court had jurisdiction over the underlying bankruptcy appeal

23  because the bankruptcy court's order constituted an immediately appealable interlocutory order

24

25          [5] Because the court finds that Ahern is not likely to succeed on the merits of its appeal, the court finds
    it unnecessary to address the remaining *Winter* factors.

26

1   under 28 U.S.C. § 158(a)(2). In the court's dismissal order, the court found that the bankruptcy

2   court's order was not "an order 'reducing' the exclusivity time periods under Section 158(a)(2)" but

3   "simply operated as a refusal to extend the exclusivity periods." Doc. #60. Because "refusals to

4   adjust the exclusivity periods constitute interlocutory orders under Section 158(a)(3)," the court

5   found that Ahern was required to seek leave of court prior to filing the initial bankruptcy appeal. *Id.*

6          Ahern now contends that this finding was in error because the court relied on, and cited to,

7   *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 448 (B.A.P. 9th Cir. 2002), a non-binding,

8   but persuasive precedent issued by the Ninth Circuit bankruptcy appellate panel. Ahern contends

9   that based on its interpretation of the legislative history of Section 158, the bankruptcy appellate

10  panel was incorrect and therefore it was clear error for the court to have agreed with, and relied

11  upon, the bankruptcy appellate panel's decision as it related to this issue.

12         The court has reviewed the documents and pleadings on file in this matter and finds that

13  Ahern's argument is without merit. First, at no time does Ahern discuss how, or why, the Ninth

14  Circuit is likely to agree with Ahern's interpretation of the small and selective legislative history

15  identified in Ahern's motion. Second, Ahern presents no basis for this court to discount persuasive

16  Ninth Circuit precedent addressing the exact issue raised in Ahern's appeal. Therefore, the court

17  finds that Ahern has not established that it is likely to succeed on its appeal that the court's

18  dismissal order was in error.

19         Ahern's second basis for this court to issue a stay pending appeal is that the issue of

20  whether the exclusive plan solicitation period is automatically extended 60 days beyond the

21  extension of the exclusive plan filing period is an issue of first impression in the Ninth Circuit.

22  First, this argument supports denying Ahern's motion because, as it is an issue of first impression

23  for the court, Ahern has failed to make a showing that the Ninth Circuit is likely to agree with its

24  interpretation of the bankruptcy rules. This is especially true in light of earlier precedent from the

25  bankruptcy appellate panel in *In re Henry Mayo*, which lead this court towards a different

26

interpretation of the rules. Second, the only legal support Ahern proffers for its position is non-binding, non-precedential, unpersuasive, and in some cases unpublished, district court cases from outside the Ninth Circuit. The court finds Ahern's proffered legal support disingenuous in light of its claim that the court's dismissal order was in error for citing to non-binding but persuasive, published Ninth Circuit precedent.

Finally, Ahern argues that the court should issue a stay pending appeal because the Ninth Circuit would review the court's dismissal order *de novo*. Ahern claims that because there is a *de novo* review of the court's order then that in itself constitutes a basis for finding that it is likely to succeed on the merits. This argument is nonsensical and without merit. At no point in its motion does Ahern put forth any reasonable argument as to why the Ninth Circuit would disagree with the court's dismissal order. Therefore, the court finds that Ahern is not likely to succeed on the merits of its appeal and shall deny the motion for stay pending appeal accordingly.

IT IS THEREFORE ORDERED that appellant-debtor's motion to stay pending appeal (Doc. #65) is DENIED.

IT IS SO ORDERED.

DATED this 23rd day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6